IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

ROSALEE LANHAM,

    Plaintiff,

v.

ANDREW SAUL,
Commissioner of Social Security,

    Defendant.

CIVIL ACTION NO.: 5:20CV60
(BAILEY)

FILED

APR 7 2021

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

## REPORT AND RECOMMENDATION

### I. Introduction

This case arises from the denial of Plaintiff, Rosalee Lanham's ("Plaintiff") application for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI") benefits. After Plaintiff's application proceeded through the administrative process, United States Administrative Law Judge, Francine A. Serafin ("ALJ") concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff's request for review by Appeals Council was denied, making the ALJ's decision the final decision of the Defendant. Plaintiff seeks judicial review of this decision.

The undersigned has considered the parties' briefs and the record on appeal. The facts and legal arguments have been adequately presented. Accordingly, the decisional process would not be significantly aided by oral argument. Therefore, the recommendations of the undersigned are set forth below.

## II. Factual/Procedural History

Plaintiff initially filed her application for disability benefits on or about July 11, 2016, which alleged disability beginning on May 10, 2016. R. 117; 540; 543; 547. Plaintiff's claims were denied initially and upon reconsideration. R. 117; 353-377; 382-411. Plaintiff requested a hearing before an ALJ, which hearing occurred on January 8, 2019. R. 117-128; 319-352; 445-446. Along with the ALJ, Plaintiff, Plaintiff's lawyer, Harold Carpenter, Esq.,[1] and Casey B. Vass, impartial vocational expert, appeared for and participated in the video hearing.

In a written decision dated January 29, 2019, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. R. 117-128. Plaintiff requested review of the ALJ's decision. Her request was denied by the Appeals Council. R. 1-5. This appeal followed.

Plaintiff filed her Complaint on March 25, 2020. ECF No. 1. Defendant filed an Answer on August 21, 2020.[2] ECF No. 9. On the same date, Defendant filed a certified copy of the Social Security Administrative Record. ECF No. 10. Plaintiff filed her Motion for Judgment on the Pleadings on November 9, 2020.[3] ECF No. 16. Defendant filed a Motion for Summary Judgment and Memorandum in Support on January 8, 2020. ECF No. 19. A summary of the ALJ's decision and the arguments raised on appeal is set forth below.

---

[1] Plaintiff appears to have been represented by Jan Dils, Esq. and Ms. Dils's law firm. Mr. Carpenter was an attorney with Ms. Dils's firm and appeared on Plaintiff's behalf for the ALJ hearing.
[2] Defendant was served with Plaintiff's Complaint on April 22, 2020. Defendant filed a Motion for Extension of Time to File Answer on June 22, 2020. The undersigned granted this Motion in an Order filed June 23, 2020. Defendant was given until August 21, 2020 to file his Answer.
[3] Plaintiff and Defendant both requested additional time to file their respective Motions. These requests Motions were granted.

## III. ALJ Decision

### A. The Five-Step Evaluation Process

In determining whether Plaintiff is disabled, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. The first step in the process is to determine whether a claimant is currently engaged in substantial gainful activity. § 404.1520(b). If the claimant is not engaging in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. § 404.1520(c). If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step in the sequence, which requires the ALJ to determine whether the claimant's impairments or combination of impairments meets or equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). § 404.1520(d). If impairment meets or equals a listed impairment, the claimant is disabled. *Id.* However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity (hereinafter "RFC"), which is the claimant's ability to do physical and mental work activities on a sustained basis despite the limitations of his impairments. § 404.1520(e). After determining the claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of his past relevant work. § 404.1520(f). If the claimant does not have the RFC to do his past relevant work, then he has established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's age, education, and work experiences. § 404.1520(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983).

3

### B. ALJ Findings

The ALJ determined that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2019. R. 119. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 10, 2016, the alleged onset date. R. 119. At step two, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the cervical spine and lumbar spine with spinal stenosis and radiculopathy, and arthritis. R. 119-122. In particular, the ALJ found that these "medically determinable impairments significantly limite[d] [Plaintiff's] ability to perform basic work activities as required by SSR 85-28." R. 119.[4] The ALJ further found that Plaintiff suffered from the following non-severe impairments: narcolepsy; bilateral carpal tunnel syndrome; COPD; polycythemia; thyroid disorder; depressive disorder; anxiety disorder; somatic disorder; and alcohol use disorder (in remission). R. 120-122. However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). R. 123.

The ALJ next determined that Plaintiff has the following residual functional capacity:

> to perform light work as defined in 20 CFR 404.1567(b) and 406.967(b) except: She can occasionally climb ramps and stairs. She can occasionally climb ladders, ropes, and scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She must avoid frequent exposure to extreme cold, extreme heat, vibration, and workplace hazards such as moving mechanical parts and unprotected heights.

R. 124-127. The ALJ concluded that Plaintiff is capable of performing past relevant work, which includes work as an insurance sales agent (light exertion, skilled, SVP 6); and receptionist

---

[4] The ALJ did not elaborate on the "basic work activities" that are limited by virtue of Plaintiff's impairments.

(sedentary exertion, semi-skilled, SVP 4). R. 127-128. Accordingly, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. R. 128.

## IV. Motions for Summary Judgment

### A. The Standards

#### 1. Summary Judgment

Summary Judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but…must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

#### 2. Judicial Review

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. § § 405(g), 1383(c)(3). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is not a "large or considerable amount of evidence, but rather, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 664-65 (1988) (internal citations and quotations omitted). The decision before the Court is "not whether the

(sedentary exertion, semi-skilled, SVP 4). R. 127-128. Accordingly, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. R. 128.

## IV. Motions for Summary Judgment

### A. The Standards

#### 1. Summary Judgment

Summary Judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but…must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

#### 2. Judicial Review

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. § § 405(g), 1383(c)(3). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is not a "large or considerable amount of evidence, but rather, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 664-65 (1988) (internal citations and quotations omitted). The decision before the Court is "not whether the

Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (internal citations and quotations omitted). The ALJ's decision must be upheld if it is supported by "substantial evidence." 42 U.S.C. § § 405(g), 1383(c)(3). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence'." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966), overruled by implication on other grounds by *The Black and Decker Disability Plan v. Nord*, 538 U.S. 822 (2003).

Keeping these standards in mind, the undersigned will consider the arguments raised on appeal.

### B. Arguments of the Parties

#### 1. Plaintiff's Arguments

Plaintiff argues that the ALJ's opinion fails to satisfy the narrative discussion requirements of SSR 96-8p. Specifically, Plaintiff contends that the ALJ failed to include functional limitations in the RFC with regard to Plaintiff's severe impairments. Plaintiff further argues that the ALJ failed to consider Plaintiff's non-severe impairments when formulating Plaintiff's RFC. Plaintiff therefore seeks remand to the ALJ for these additional findings.

#### 2. Defendant's Arguments

Defendant argues that substantial evidence supports the ALJ's RFC Assessment. Specifically, Defendant maintains that the ALJ provided an adequate narrative discussion which utilized the appropriate standard of review and set forth the ALJ's findings regarding both Plaintiff's severe and non-severe impairments. Defendant maintains that the ALJ's RFC included consideration of all of Plaintiff's severe impairments and her non-severe impairments.

Additionally, Defendant argues that the Fourth Circuit rejected a per se rule requiring remand where a function-by-function analysis is not performed. Rather, remand is only appropriate where the ALJ fails to assess Plaintiff's capacity to perform relevant functions despite contradictory evidence in the record, or where other inadequacies in the ALJ's findings frustrate meaningful review. *See Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). *See also* ECF No. 19, at pg. 10. Defendant maintains that remand is not appropriate in this instance.

### C. Discussion

After considering the arguments of the parties, the administrative record and the applicable law, the undersigned would agree with Plaintiff that the ALJ's RFC assessment fails to satisfy the requirements of SSR 96-8p. The undersigned would also conclude that these deficiencies frustrate meaningful review of the ALJ's decision, and this matter should therefore be remanded to the ALJ for additional findings.

A social security claimant's residual functional capacity (RFC) is the most work-related activities an individual can do despite his or her limitations. 20 C.F.R. §§404.1545(a) and 416.945(a); SSR 96-8p. An ALJ's RFC assessment "must first identify [an] individual's functional limitations or restrictions and assess his or her work-related abilities on a function by function basis." SSR 96-8p. *See also Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). "Only after that may [the RFC] be expressed in terms of exertional levels of work…sedentary, light, medium, heavy, and very heavy." *Id.* Additionally, "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts…and nonmedical evidence." SSR 96-8p.

> In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis…and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The

7

adjudicator must also explain how any medical inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p. "In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not severe." SSR 96-8p (internal quotations omitted).

### 1. Severe Impairments

In the instant matter, the ALJ determined that Plaintiff suffers from the following severe impairments: degenerative disc disease of the cervical and lumbar spines with spinal stenosis, radiculopathy, and arthritis. R. 119. The ALJ further found that these "medically determinable impairments significantly limit [Plaintiff's] ability to perform basic work activities." The ALJ failed to delineate at page 119 or anywhere else in the opinion, however, those "basic work activities" to which the ALJ referred. It is therefore unclear from the ALJ's opinion which of Plaintiff's work-related activities are compromised because of Plaintiff's severe impairments. The ALJ's opinion also does not contain a function by function analysis as required by SSR 96-8p.

Failure to conduct a function by function analysis does not necessarily require remand. Remand is appropriate, however "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). For the reasons that follow, the ALJ's failure to identify those "basic work activities" which are compromised as a result of Plaintiff's impairments frustrates meaningful review and requires remand.

Because of the ALJ's failure to identify the nature and extent of Plaintiff functional limitations, it is difficult if not impossible to infer from the RFC whether and to what extent the RFC accounts for any of Plaintiff's functional limitations. Additionally, this failure renders

8

inadequate the ALJ's narrative discussion respecting any such limitations. That is, where the ALJ engages in analysis vis-à-vis Plaintiff's functional limitations and her resultant RFC, it is difficult, if not impossible, to determine the point the ALJ is trying to make because the analysis is not oriented to any certain or specifically delineated functional limitation(s). Rather, the ALJ discusses Plaintiff's functional limitations in only the broadest terms. As a result, the Plaintiff and the Court must guess as to which physical symptoms and limitations the ALJ refers.

Moreover, the ALJ's statement at R. 126 that Plaintiff's "physical examinations show adequate residual functioning to perform less than the full range of light work" is inherently contradictory and confusing. Read another way, this statement means that Plaintiff is unable to perform the full range of light work. This is presumably because of Plaintiff's functional limitations. However, and again, without identification of those functional limitations from which the ALJ believes Plaintiff suffers, it is not possible to understand just how much less than the full range of light work the Plaintiff can perform, as determined by the ALJ. Without a more particularized and specific identification of Plaintiff's functional limitations, and without a more particularized narrative discussion, meaningful review of the ALJ's rationale and ultimate decision is just not possible.

The ALJ's narrative discussion is further concerning in light of the ALJ's failure to address anywhere in the opinion Plaintiff's specific and particular complaints. Rather, the complaints addressed by the ALJ include only those general activities in the checked boxes on the sixth page of two Function Reports, form questionnaires provided to Plaintiff by the Social Security

Administration.[5] *See also* R. 598-605; 616-623.[6] At page 124 of the Administrative Record, and specifically page 8 of the ALJ's opinion, the ALJ cites Plaintiff's Hearing Testimony as another source of the assertions regarding how Plaintiff's impairments have affected her physical ability. However, after reading the Hearing Transcript, and as is explained below, it is clear that nothing from Plaintiff's hearing testimony made its way into the ALJ's opinion.

During the ALJ hearing, Plaintiff made the following complaints (among other things): she underwent lumbar spine surgery with brief improvement, but eventual return of lower back pain, upper back pain, and pain that radiates into both legs. R. 325-326. She described this pain as constant and asserted that the pain made it difficult for her to stand on her feet for very long and made it difficult to stand in one spot. R. 327. She also complained of chronic neck pain which radiated into both arms and down her back. She further testified that she experienced headaches every day, and that this pain impacted her sleep. R. 329.[7] Additionally, Plaintiff described her activities of daily living which she claims are limited or are impossible to perform. R. 331-332, 339-340. The ALJ did not specifically address any of these subjective complaints within her written decision, or whether and to what extent these claims were supported by the evidence of record. The ALJ further did not address whether and to what extent, if at all, the RFC accounted

---

[5] At R. 124, the ALJ makes the following statement: "The claimant alleges an inability to work due to functional limitations caused by her severe medically determinable impairments. She asserts that these impairments limit her ability to lift, squat, bend, stand, reach, walk, sit, kneel, stair climb, complete tasks and use her hands." It is clear that the ALJ lifted these activities directly from the form Function Reports included in the Administrative Record. *See* R. 598-605; and 616-623. In so doing, the ALJ ignored the complaints handwritten by Plaintiff on both forms, which include: "I can only sit in an office chair or a hard surface chair about 5 minutes [due] to pain....I cannot sit at a desk and type....[I] cannot stand for more than 5 minutes." R. 598. At R. 616, Plaintiff asserted the following complaints: "Due to my chronic fatigue, chronic back, legs, arms and neck along with chronic nerve pain I am unable to set [sic] up, work on a computer or move around for more than 5 minutes[.] I have to lay in bed or on my couch." These complaints are not mentioned in the ALJ's opinion.

[6] The documents cited are the same form but were completed by Plaintiff on two different dates: July 29, 2016 and October 20, 2016. At pg. 124 of the ALJ's opinion, the ALJ cites to these reports as Exhibit 4E and 7E, respectively. In her recitation of those activities Plaintiff checked in the forms, the ALJ missed several. She failed to include "memory," "concentration," and "getting along with others." R. 603 and 621.

[7] These same or similar complaints are captured in the Functional Reports at R. 598-605 and R. 616-623.

for the above-described, specific symptoms. Without an analysis of these specific complaints (as opposed to the more broadly drawn items contained in the ALJ's report), the Court cannot meaningfully consider and review the ALJ's determination as to Plaintiff's functional limitations, and more importantly, the RFC.

### 2. Non-Severe Impairments

With respect to Plaintiff's non-severe impairments, the undersigned would note that the ALJ appears to have summarized the medical records and provided an analysis as to why the ALJ believes that each of the impairments, i.e. narcolepsy, bilateral carpal tunnel syndrome, COPD, polycythemia, thyroid disorder, and Plaintiff's various mental-health impairments, individually and in combination with each other, constitute non-severe impairments at step two. However, the ALJ failed to address whether these non-severe impairments, taken in combination with Plaintiff's severe impairments, would or could rise to the level of a severe impairment, as required at step four. Without such an analysis, the Court cannot conduct a meaningful review of the ALJ's conclusions vis-à-vis Plaintiff's RFC.

## V. Recommendation

Accordingly, and for all of the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for Judgment on the Pleadings [ECF No. 16] be **GRANTED** and Defendant's Motion [ECF No. 19] for Summary Judgment be **DENIED**. The undersigned would further **RECOMMEND** that this matter be **REMANDED** to the ALJ for the reasons set forth more fully above.

**Any party who appears *pro* se and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file**

with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Judge of Record. **<u>Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.</u>** *See* 28 U.S.C. § 636(b)(1); *Wright v. Collins*, 766 F.2d 841, 845-48 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985).

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further **DIRECTS** the Clerk to mail a copy of this Report and Recommendation to any pro se party by certified mail, return receipt requested, to their last known address as reflected on the docket sheet.

Respectfully submitted this 7th day of April, 2021

JAMES P. MAZZONE  
UNITED STATES MAGISTRATE JUDGE